ROBERT OBER et al., Appellants, v RYE TOWN HILTON, Respondent, et al., Defendants.

Second Department, July 9, 1990

**APPEARANCES OF COUNSEL**

*Gallagher & Gosseen (Robert A. Faller, Michael J. Crowley* and *Jeanne M. Gonsalves Lloyd* of counsel), for appellants.

*Fried, Frank, Harris, Shriver & Jacobson (Marvin V. Ausubel, Dale M. Cendali* and *Jay J. Sangerman* of counsel), for respondent.

**OPINION OF THE COURT**

BRACKEN, J.

Resolution of this appeal hinges on observance of the fundamental distinction between an order which permits a plaintiff to add a *new* defendant to a pending action (CPLR

305 [a]; 1003), and an order which permits a plaintiff to amend the pleadings so as to change the designation of an *existing* defendant (CPLR 305 [c]). In holding that the plaintiffs in this case should not be permitted to add a new defendant (because the Statute of Limitations had run), the Supreme Court failed to observe this critical distinction. The plaintiffs' application should not have been considered as one for leave to add a new defendant (CPLR 305 [a]; 1003), but instead should have been viewed as one for leave to correct the name of an existing defendant (CPLR 305 [c]). Accordingly, we conclude that the Supreme Court's order dated June 7, 1989, which is brought up for review on this appeal from the order dated January 31, 1989, must be modified to allow the plaintiffs to amend the pleadings by correcting the name of the existing defendant.

According to the complaint, the plaintiff Robert Ober was injured on July 28, 1985, while he was present on the premises of a hotel located on Westchester Avenue in Port Chester, New York. On May 2, 1986, the plaintiffs' process server went to an office located in that hotel, and delivered a summons and complaint to a person whom he presumed to be an agent of "The Rye Town Hilton", an entity which the plaintiffs mistakenly believed to be the corporation responsible for the management of the homonymous hotel. This presumed entity, "The Rye Town Hilton", was named as a defendant on both the summons and complaint, and a review of the allegations of the complaint renders it clear beyond doubt that in suing "The Rye Town Hilton", the plaintiffs in fact intended to sue the entity responsible for the management of the hotel in question.

An answer was served by a law firm purporting to represent "The Rye Town Hilton". The answer contained a denial of the plaintiffs' allegation that "The Rye Town Hilton" was a foreign corporation, and it also contained a denial of the plaintiffs' allegation that "The Rye Town Hilton" operated the subject hotel. The answer also contained a defense based on lack of jurisdiction. However, this answer did not contain any affirmative defense with respect to a matter more fundamental than the court's alleged lack of jurisdiction over the defendant "The Rye Town Hilton", i.e., the fact that "The Rye Town Hilton" does not exist as a legal entity at all. The answer contained no defense based on "The Rye Town Hilton's" lack of capacity to be sued.

On July 25, 1988, three days before the expiration of the Statute of Limitations, the plaintiff again served a summons

and complaint, this time naming the "Hilton Hotels Corporation a/k/a The Rye Town Hilton" as a defendant. Service of this summons and complaint was made by delivery to the Secretary of State pursuant to Business Corporation Law § 306. On or about August 29, 1988, the defendant "Hilton Hotels Corporation", appearing through the same attorneys who had appeared on behalf of "The Rye Town Hilton", made a motion to dismiss the complaint on the basis that it had been added as a party defendant without leave of court. The plaintiffs cross-moved, seeking permission to amend the caption of the summons and complaint so as to reflect the name "Hilton Hotels Corporation" as party defendant, and also seeking leave to enter a default judgment against the defendant Hilton Hotels Corporation.

The court, in its order dated January 31, 1989, held that because the Statute of Limitations had expired, "the defendant [Hilton Hotels Corporation] would be grossly prejudiced" if that branch of the cross motion which was for leave to amend were granted. The court also ruled that the plaintiffs had improperly added "Hilton Hotels Corporation" as a party defendant without leave of court, and that their complaint against "Hilton Hotels Corporation" was a nullity, and should be dismissed for that reason. The court dismissed the action insofar as it was asserted against "The Rye Town Hilton". Having found that the complaint insofar as it was against Hilton Hotels Corporation was a nullity, the court denied that branch of the plaintiffs' cross motion which was for leave to enter a default judgment.

The plaintiffs appealed from the court's order dated January 31, 1989. In the interim, the Supreme Court granted a motion to reargue by the plaintiffs, but then adhered to its original determination. On our review of the order dated June 7, 1989, made upon reargument (CPLR 5517 [b]), we find that the motion of the defendant Hilton Hotels Corporation should have been denied in its entirety, and that the plaintiffs' cross motion insofar as it was for leave to amend the summons and complaint should have been granted. The order dated June 7, 1989, is modified accordingly.

CPLR 305 (c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced". This provision, and its predecessors, has been consistently interpreted as allowing a misnomer in the description of a party defendant to be cured

by amendment, even after the Statute of Limitations has run. Generally, such an amendment should be granted where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought (see, Stuyvesant v Weil, 167 NY 421; Simpson v Kenston Warehousing Corp., 154 AD2d 526; Creative Cabinet Corp. v Future Visions Computer Store, 140 AD2d 483; Gajdos v Haughton Elevator, 131 AD2d 428; Yanni v Chopp, 130 AD2d 489, 490-491; Connor v Fish, 91 AD2d 744; Luce v Pierce Muffler Shops, 51 Misc 2d 256, affd 28 AD2d 826; McLaughlin, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, 1990 Supp Pamph, at 193; Siegel, NY Practice § 65, at 66-67; 3 Carmody-Wait 2d, NY Prac §§ 19:11, 19:19).

These standards have been met in the present case. Even assuming that the delivery of the original summons and complaint at the hotel, which occurred on May 2, 1986, did not constitute valid service upon Hilton Hotels Corporation, this defect was remedied by service of the summons and complaint on the Secretary of State in July 1988. Furthermore, there is no proof that granting the plaintiffs' application for leave to amend would result in any actual prejudice to any party. The attorneys who appeared on behalf of "The Rye Town Hilton" admitted that "The Rye Town Hilton" was a mere trade name, with no independent existence. Given the indisputable fact that an attorney cannot represent a thing which does not exist, it must be inferred that the attorneys who served an answer on behalf of "The Rye Town Hilton" did so in the course of their representation of some other party. Furthermore, it must be inferred, in the absence of proof to the contrary, that the real party on whose behalf this original answer was served was, in fact, the party which the plaintiffs now seek permission to name, and on whose behalf the same attorneys have appeared, i.e., Hilton Hotels Corporation.

We need not decide whether the plaintiff would be entitled to an amendment pursuant to CPLR 305 (c), if a legal entity known as "The Rye Town Hilton" in fact existed (cf., Ioviero v Ciga Hotels, 101 AD2d 852, 853). Whether such amendments may be available to plaintiffs who have named an existing legal entity, while intending to name a different (similarly named) legal entity, need not be decided, because in the present case, the entity originally named by the plaintiff

("The Rye Town Hilton") concededly did not exist at all. Under these circumstances, there is little doubt that an amendment should have been permitted. The plaintiffs' cross motion, to the extent that it was for permission to amend their summons so as to name Hilton Hotels Corporation as a defendant, should have been granted.

The cross motion, to the extent that it was for a default judgment against Hilton Hotels Corporation, was properly denied. The plaintiffs argue that the defendant Hilton Hotels Corporation defaulted in appearing when it failed either to answer or make a motion to dismiss within 20 days of July 25, 1988 (the date of service on the Secretary of State). The defendant Hilton Hotels Corporation did not in fact make its motion to dismiss until 34 days after the service upon the Secretary of State (see, CPLR 320 [a]; 3012 [a]). This argument must be rejected because it is directly inconsistent with the plaintiffs' primary argument, which is that Hilton Hotels Corporation had, in fact, appeared by the service of an answer in *1986,* albeit under a misnomer. If the plaintiffs are correct in asserting that they have the right to amend their summons and complaint in order to correct a misnomer (and substitute "Hilton Hotels Corporation" for "The Rye Town Hilton"), then they must be incorrect in asserting that the defendant Hilton Hotels Corporation failed to serve a timely answer. Since, for the reasons outlined above, we accept the former argument, we must necessarily reject the latter one.

For the same reasons as those discussed above, the motion to dismiss the complaint made by Hilton Hotels Corporation should have been denied. While it is true that a party may be added to a pending action only with leave of court (CPLR 305 [a]; 1003; *Gross v BFH Co.,* 151 AD2d 452; *Christiansen v City of New York,* 144 AD2d 328; *cf., McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624), as discussed above, the evidence contained in the record leads to the conclusion that this is not a case of a new corporate defendant being "added", but rather, it is a case of the original, albeit misnamed, corporate defendant being retained in the action under its proper name, by virtue of an amendment granted pursuant to CPLR 305 (c). It is the *name* of a party, rather than the party itself, which has been changed.

The same rationale impels us to reject the plaintiffs' argument that their complaint, insofar as it is against "The Rye Town Hilton", should be reinstated. As noted above, the amendment of a summons pursuant to CPLR 305 (c), should

be allowed only in order to correct the terminology by which the plaintiffs have described an existing defendant; such an amendment may not serve as the mechanism by which a new defendant is added. Since we have accepted the plaintiffs' argument that the term "The Rye Town Hilton" is merely a misnomer for the term "Hilton Hotels Corporation", we cannot accept their argument that they should be able to sue both parties as though they were separate entities. We therefore affirm so much of the order made upon reargument, as adhered to the court's original determination to dismiss the action against "The Rye Town Hilton".

MANGANO, J. P., THOMPSON and EIBER, JJ., concur.

Ordered that the appeal from the order dated January 31, 1989, is dismissed, as that order was superseded by the order dated June 7, 1989, made upon reargument; and it is further,

Ordered that the order dated June 7, 1989, is modified, on the law, by deleting the provision thereof which adhered to the prior determination denying that branch of the plaintiffs' cross motion which was for leave to amend the caption of the pleadings pursuant to CPLR 305, and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified the order dated June 7, 1989, is affirmed insofar as reviewed, and the order dated January 31, 1989, is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.