■ JERMAINE SANDERS et al., Respondents, v 230FA, LLC, et al., Appellants. [2 NYS3d 908]—

In an action, inter alia, to recover damages for discrimination on the basis of race in violation of Executive Law § 296, the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated May 24, 2013, which granted the plaintiffs' motion pursuant to CPLR 305 (c) for leave to further amend the amended summons, amended complaint, and caption to name 230FA, LLC, as a defendant instead of Rooftop Lounge, LLC.

Ordered that the order is affirmed, with costs.

CPLR 305 (c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." Where the motion is to cure "a misnomer in the description of a party defendant," it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]; *see Honeyman v Curiosity Works, Inc.*, 120 AD3d 1302 [2014]; *Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d 861 [2013]; *Sally v Keyspan Energy Corp.*, 106 AD3d 894 [2013]). "Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (*Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d 483, 484-485 [1988]; *see Smith v Garo Enters., Inc.*, 60 AD3d 751, 752 [2009]; *Ober v Rye Town Hilton*, 159 AD2d at 20). "However, 'while CPLR 305 (c) may be utilized to correct the name of an existing defendant . . . it cannot be used by a party as a device to add or substitute a party defend-

ant' " (*Smith v Garo Enters., Inc.*, 60 AD3d at 752 [citation omitted], quoting *Hart v Marriott Intl.*, 304 AD2d 1057, 1059 [2003]; *see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]; *Ober v Rye Town Hilton*, 159 AD2d at 21-22), and it may not be used "to proceed against an entirely new defendant, who was not served, after the expiration of the statute of limitations" (*Smith v Garo Enters., Inc.*, 60 AD3d at 752; *see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d at 773).

Here, the correct defendant, 230FA, LLC, misnamed in the original process as Rooftop Lounge, LLC, was properly served with the amended summons and amended complaint prior to the expiration of the statute of limitations. Furthermore, the defendants failed to demonstrate that 230FA, LLC, would be prejudiced by allowing the further amendment sought (*see Holster v Ross*, 45 AD3d 640, 642 [2007]; *Ober v Rye Town Hilton*, 159 AD2d at 19-20). Accordingly, the Supreme Court properly granted the plaintiffs' motion for leave to further amend the amended summons, amended complaint, and caption to name 230FA, LLC, as a defendant instead of Rooftop Lounge, LLC.

In light of our determination, we need not reach the parties' remaining contentions regarding the relation-back doctrine. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.