Appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated January 25, 2016. The order, after a hearing to determine the validity of service of process, denied the motion of the defendant Sholom M. Twersky, also known as Sholom Twersky, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
 

 Ordered that the order is reversed, on the law and the facts, with costs, and the motion of the defendant Sholom M. Twersky, also known as Sholom Twersky, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is granted.
 

 The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Sholom M. Twersky, also known as Sholom Twersky (hereinafter the defendant). The defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. After a hearing to determine the validity of service of process, the Supreme Court found that service had been properly made upon the defendant pursuant to CPLR 308 (2) and denied the motion. The defendant appeals.
 

 Pursuant to CPLR 3211 (a) (8), “[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the court has not jurisdiction of the person of the defendant.” Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [2015]; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897 [2013]). “ ‘[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void’ ” (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889 [2009], quoting McMullen v Arnone, 79 AD2d 496, 499 [1981]).
 

 “CPLR 308 sets forth the different ways in which service of process upon an individual can be effected in order for the court to obtain jurisdiction over that person” (Washington Mut. Bank v Murphy, 127 AD3d at 1174). CPLR 308 (2) provides, in relevant part, that personal service upon a natural person may be made “by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.” “ ‘Jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been strictly complied with’ ” (Washington Mut. Bank v Murphy, 127 AD3d at 1174, quoting Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989 [2011]).
 

 Here, while the plaintiff demonstrated by a fair preponderance of the evidence that it satisfied the first prong of CPLR 308 (2) by serving process upon a person of suitable age and discretion at the subject property, it failed to establish that it mailed copies of the summons and complaint to the defendant’s last known residence or actual place of business (see Washington Mut. Bank v Murphy, 127 AD3d at 1175).
 

 Accordingly, the Supreme Court should have granted the defendant’s motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.