Appeals from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 11, 2015, and (2) stated portions of an order of that court (Carolyn E. Wade, J.) dated March 16, 2016. The order dated August 11, 2015, insofar as appealed from, granted those branches of the plaintiffs’ motion which were for leave to amend the caption of the action to add Leon Lubarsky and Rada Tarnovsky as additional defendants. The order dated March 16, 2016, inter alia, denied the unopposed motion of the defendants Lubarsky & Tarnovsky Attorneys and Counselors at Law, P.C., Leon Lubarsky, and Rada Tarnovsky pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction.
 

 Ordered that the order dated August 11, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
 

 Ordered that the order dated March 16, 2016, is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Lubarsky & Tarnov-sky Attorneys and Counselors at Law, P.C., Leon Lubarsky, and Rada Tarnovsky which were pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against the defendants Leon Lubarsky and Rada Tarnovsky for lack of personal jurisdiction, and substituting therefor provisions granting those branches of the motion; as so modified, the order dated March 16, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiffs commenced this action, inter alia, to recover damages for legal malpractice against Lubarsky & Tarnovsky Attorneys and Counselors at Law, PC. (hereinafter L&T), and another defendant by summons and complaint filed August 23, 2012. On or about December 9, 2014, the plaintiffs moved for leave to amend the caption of the action to add Leon Lubarsky, Rada Tarnovsky, and another person as additional defendants. Lubarsky and Tarnovsky opposed the motion, arguing that the statute of limitations had elapsed. In reply, the plaintiffs contended that the relation-back doctrine applied. In an order dated August 11, 2015, the Supreme Court, inter alia, granted those branches of the plaintiffs’ motion which were for leave to amend the caption to add Lubarsky and Tarnovsky as defendants and directed the plaintiffs to serve the amended complaint upon all parties within 20 days of the order. Lubarsky and Tarnovsky appeal.
 

 Thereafter, L&T, Lubarsky, and Tarnovsky moved pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiffs did not oppose the motion. In an order dated March 16, 2016, the Supreme Court, inter alia, denied the motion. L&T, Lubarsky, and Tarnovsky appeal.
 

 As to the order dated August 11, 2015, the Supreme Court properly granted those branches of the plaintiffs’ motion which were for leave to amend the caption to add Lubarsky and Tarnovsky as additional defendants, since the plaintiffs established the applicability of the relation-back doctrine (see Castagna v Almaghrabi, 117 AD3d 666, 667 [2014]; Austin v Interfaith Med. Ctr., 264 AD2d 702, 703-704 [1999]). Therefore, the August 11, 2015, order must be affirmed insofar as appealed from.
 

 As to the order dated March 16, 2016, the Supreme Court should have granted those branches of the motion of L&T, Lubarsky, and Tarnovsky which were pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against Lubarsky and Tarnovsky for lack of personal jurisdiction. The affidavits of service filed by the plaintiffs, indicating that they attempted to effect service of the supplemental summons and amended complaint upon Lubarsky and Tarnovsky pursuánt to CPLR 308 (2), fail to indicate that the process server mailed the supplemental summons to either of these defendants. “Jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been strictly complied with” (Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989 [2011]; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [2015]). Therefore, the affidavits of service did not establish, prima facie, that service was properly effected pursuant to CPLR 308 (2) (see Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 878-879 [2013]; cf. Roberts v Anka, 45 AD3d 752, 753-754 [2007]). We note that “[w]hen the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents” (Raschel v Rish, 69 NY2d 694, 697 [1986]; see County of Nassau v Letosky, 34 AD3d 414, 415 [2006]; Long Is. Sav. Bank v Meliso, 229 AD2d 478 [1996]). Since the plaintiffs failed to submit any evidence that the requirements for service of process were met with respect to Lubarsky and Tarnovsky, the court should have directed the dismissal of the amended complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (8).
 

 With respect to L&T, however, the record includes an affidavit of service from a process server indicating that service upon L&T in this action was effected by delivery of the original summons and complaint to the Secretary of State, which creates a presumption of proper service on L&T (see CPLR 311 [a] [1]; Business Corporation Law § 306; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164 [2010]). Since L&T did not submit any evidence to rebut this prima facie showing of proper service, the Supreme Court properly denied that branch of the motion which was pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against L&T for lack of personal jurisdiction.
 

 The remaining contention need not be reached in light of our determination.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.