Federal Natl. Mtge. Assn. v Puretz (2019 NY Slip Op 05958)





Federal Natl. Mtge. Assn. v Puretz


2019 NY Slip Op 05958


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-04073
 (Index No. 131066/13)

[*1]Federal National Mortgage Association, respondent,
v
Faygah Puretz, et al., appellants, et al., defendants.


Abraham Hoschander, Brooklyn, NY, for appellants.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Lijue T. Philip of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Faygah Puretz and Aron Puretz appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated February 15, 2017. The order granted the plaintiff's motion to confirm a Referee's report dated March 31, 2016, and, in effect, denied the motion of the defendants Faygah Puretz and Aron Puretz to vacate a judgment of foreclosure and sale of the same court dated March 20, 2015, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion to confirm the Referee's report dated March 31, 2016, is denied, and the motion of the defendants Faygah Puretz and Aron Puretz to vacate the judgment of foreclosure and sale dated March 20, 2015, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is granted.
On October 25, 2013, this action to foreclose a mortgage was commenced against, among others, the defendants Faygah Puretz and Aron Puretz (hereinafter together the defendants). On March 20, 2015, the Supreme Court issued a judgment of foreclosure and sale in favor of the plaintiff. On July 15, 2015, the defendants moved by order to show cause to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The court directed a hearing to determine the validity of service of process, which was held before a Referee on November 17, 2015. On March 31, 2016, the Referee issued a report finding that the defendants were properly served and personal jurisdiction had been obtained over them. On November 23, 2016, the plaintiff moved to confirm the Referee's report. In an order dated February 15, 2017, the court granted the plaintiff's motion to confirm the Referee's report and, in effect, denied the defendants' motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them. The defendants appeal.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Matter of Cincotta, 139 AD3d 1058; Hudson v Smith, 127 AD3d 816). Here, as the defendants correctly contend, the Supreme Court should not have confirmed the Referee's report. The plaintiff failed to submit any evidence at the [*2]hearing of compliance with the mailing requirement of CPLR 308(2) and, thus, failed to demonstrate that personal jurisdiction had been obtained over the defendants (see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174-1175; Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the Referee's report and granted the defendants' motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court