Duncan v Emerald Expositions, LLC (2020 NY Slip Op 04918)





Duncan v Emerald Expositions, LLC


2020 NY Slip Op 04918


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-11562
 (Index No. 603231/16)

[*1]Katoyia Duncan, appellant-respondent,
v
Emerald Expositions, LLC, et al., defendants, Freeman Company, respondent-appellant.


Tomkiel & Tomkiel, Scarsdale, NY (Stanley A. Tomkiel III of counsel), for appellant-respondent.
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (Peter Basil Skelos and Russell G. Tisman of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Freeman Company cross-appeals, from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered September 8, 2016. The order, insofar as appealed from, (1), in effect, upon renewal, adhered to a determination in an order of the Supreme Court, Bronx County (Lucindo Suarez, J.), dated April 4, 2016, granting the prior motion of the defendant Freeman Company to change venue from Bronx County to Nassau County, and directing the change of venue from Bronx County to Nassau County, (2) granted the motion of Freeman Expositions, Inc., to extend its time to answer, and (3) denied the plaintiff's cross motion for leave to enter a default judgment against Freeman Expositions, Inc. The order, insofar as cross-appealed from, (1) denied the motion of the defendant Freeman Company pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, and (2) granted that branch of the plaintiff's cross motion which was for leave to amend the caption to name Freeman Expositions, Inc., as a defendant instead of Freeman Company.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On January 26, 2013, the plaintiff, while preparing an exhibition booth for a trade show at the Jacob K. Javits Convention Center, allegedly was injured when she was struck by a falling light pole. On January 22, 2016, the plaintiff commenced this action in the Supreme Court, Bronx County, to recover damages for personal injuries against, among others, the defendant Freeman Company. Freeman Company moved to change venue from Bronx County to Nassau County. In an order dated April 4, 2016, the Supreme Court, Bronx County, granted the motion and directed the change of venue from Bronx County to Nassau County.
After the action was transferred to the Supreme Court, Nassau County, Freeman Company moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. The plaintiff cross-moved, inter alia, (1) for leave to renew her opposition to the prior motion to change venue, and, upon renewal, to deny that motion and transfer venue back to Bronx County, and (2) for leave to amend the summons and complaint "to correct the misnomer" and to [*2]name Freeman Expositions, Inc. (hereinafter Freeman Expositions), as a defendant instead of Freeman Company. Freeman Expositions moved to extend its time to answer, move, or respond to the amended complaint until after the pending motions of the plaintiff and Freeman Company were decided. In response, the plaintiff cross-moved for leave to enter a default judgment against Freeman Expositions.
In an order entered September 8, 2016, the Supreme Court denied Freeman Company's motion to dismiss the amended complaint insofar as asserted against it. In addition, the court, in effect, granted that branch of the plaintiff's motion which was for leave to renew her opposition to the prior motion to change venue, and, upon renewal, in effect, adhered to the prior determination granting the motion to change venue to Nassau County and directing the change of venue from Bronx County to Nassau County. The court also granted that branch of the plaintiff's cross motion which was to amend the summons and complaint "to correct the misnomer" and to name Freeman Expositions as a defendant instead of Freeman Company. The court denied the plaintiff's cross motion for leave to enter a default judgment against Freeman Expositions, and granted Freeman Expositions's motion to extend its time to answer the amended complaint. The plaintiff appeals, and Freeman Company cross-appeals.
"CPLR 305(c) authorizes the court, in its discretion, to allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced'" (Chambers v Prug, 162 AD3d 974, 974, quoting CPLR 305[c]). "Where the motion is to cure a misnomer in the description of a party defendant, it should be granted even after the statute of limitations has run where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (Chambers v Prug, 162 AD3d at 974 [internal quotation marks omitted]; see Sanders v 230FA, LLC, 126 AD3d 876, 877). "Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (Chambers v Prug, 162 AD3d at 974).
We agree with the Supreme Court's determination granting that branch of the plaintiff's cross motion which was for leave to amend the summons and complaint to correct the misnomer to name as a defendant Freeman Expositions instead of Freeman Company. The plaintiff, who allegedly was injured on January 26, 2013, timely commenced this action on January 22, 2016, within three years of her alleged injury (see CPLR 214[5]). She then had 120 days to serve the defendants (see CPLR 306-b). The plaintiff timely served Freeman Expositions 10 days before the deadline of May 21, 2016, via the New York Secretary of State (see CPLR 306-b; Chambers v Prug, 162 AD3d at 974). Moreover, there was no evidence that Freeman Expositions would be prejudiced by allowing the plaintiff to amend the caption to correct the misnomer (see Chambers v Prug, 162 AD3d at 974-975). To the extent Freeman Company contends that the plaintiff was improperly attempting to name a new defendant after the expiration of the statute of limitations, instead of merely correcting a misnomer, that contention is without merit. Freeman Exhibitions, a separate but related Freeman corporate entity, was served within 120 days after the action was timely commenced (see CPLR 306-b; Chambers v Prug, 162 AD3d at 975; cf. Ober v Rye Town Hilton, 159 AD2d 16, 20-21).
A defendant must appear within 20 days of service of a summons, or within 30 days of service where service was made by delivering the summons "to an official of the state authorized to receive service in [the defendant's] behalf" (CPLR 320[a]). "The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (id.). "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against [the defendant]" (CPLR 3215[a]). "On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party" (CPLR 3215[f]). "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]).
Here, we agree with the Supreme Court's determination denying the plaintiff's cross motion for leave to enter a default judgment against Freeman Expositions. Freeman Expositions timely appeared in this action by moving to extend its time to answer, move, or respond to the amended complaint within 30 days of being served via the New York Secretary of State on May 11, 2016 (see CPLR 320[a]). We further agree with the court's determination granting Freeman Expositions's motion to extend its time to answer the complaint (see CPLR 3012[d]).
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mendelovitz v Cohen, 37 AD3d 670, 670). "When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181). Although "bare legal conclusions are not presumed to be true" on a motion to dismiss pursuant to CPLR 3211(a)(7) (Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 798), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d at 1181). If the court considers evidentiary material, and the motion is not converted into one for summary judgment, "the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (id. at
1181-1182 [internal quotation marks omitted]). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (id. at 1182). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id.).
Here, we agree with the Supreme Court's determination denying the motion of Freeman Company to dismiss the amended complaint insofar as asserted against it. Dismissal was not warranted pursuant to CPLR 3211(a)(1), as the documentary evidence that Freeman Company submitted did not "utterly refute[ ] the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mendelovitz v Cohen, 37 AD3d at 670). Moreover, dismissal was not warranted pursuant to CPLR 3211(a)(7). According the plaintiff "the benefit of every possible favorable inference," the plaintiff stated a cause of action alleging negligence, based upon a theory of respondeat superior (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]; see Perkins v Crothall Healthcare, Inc., 148 AD3d 1189, 1190). In addition, the affidavits and other documents that Freeman Company submitted did not "establish conclusively that [the plaintiff had] no cause of action" (Sokol v Leader, 74 AD3d at 1182).
The plaintiff's remaining contentions are without merit. Freeman Company's remaining contention is not properly before this Court.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court