Jordan-Covert v Petroleum Kings, LLC (2021 NY Slip Op 05960)





Jordan-Covert v Petroleum Kings, LLC


2021 NY Slip Op 05960


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-05599
 (Index No. 51886/17)

[*1]Janine Jordan-Covert, respondent-appellant,
v
Petroleum Kings, LLC, et al., appellants-respondents.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for appellants-respondents.
Gash & Associates, P.C. (Arnold E. DiJoseph P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 23, 2018. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's cross motion which was, in effect, for leave to amend the caption to name Petroleum Kings, LLC, as a defendant instead of Petroleum Kings Transport, LLC, and denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against the defendant Petroleum Kings, LLC. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against the defendant Kenneth Marin and denied that branch of the plaintiff's cross motion which was for leave to extend the time to serve the summons and complaint upon the defendant Kenneth Marin.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On February 20, 2014, the plaintiff allegedly was injured when her vehicle was struck by a truck driven by the defendant Kenneth Marin and owned by Marin's employer, Petroleum Kings, LLC (hereinafter Kings). On February 10, 2017, the plaintiff commenced this action to recover damages for personal injuries against Marin and Petroleum Kings Transport, LLC (hereinafter Transport). Transport is a distinct legal entity from Kings; however, the record reflects that the registered agent for Transport was also the chief executive officer of Kings, and the two entities shared the same address.
On February 22, 2017, the plaintiff served a copy of the summons and complaint, which named Transport as a defendant, upon Transport by delivery to the Secretary of State. On March 3, 2017, the plaintiff filed an amended summons and amended complaint, which named Kings as a defendant, and on March 7, 2017, the plaintiff served a copy of the amended summons and amended complaint upon Kings by delivery to the Secretary of State.
According to an affidavit of service from a Florida sheriff, on March 22, 2017, Marin [*2]was purportedly served by delivery of the pleadings to a person of suitable age and discretion at an address in Florida, which was alleged to be Marin's dwelling place or usual place of abode. However, there was no indication in the affidavit of service that Marin was served by mail at his last known residence or actual place of business. On September 8, 2017, the plaintiff's attorney mailed the pleadings to Marin at his last known address.
On June 5, 2017, Marin and Kings (hereinafter together the defendants) moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint upon the grounds of the statute of limitations and lack of personal jurisdiction. On September 18, 2017, the plaintiff cross-moved, inter alia, in effect, for leave to amend the caption to name Kings as a defendant instead of Transport and for leave to extend the time to serve Marin. In an order dated April 23, 2018, the Supreme Court, among other things, in effect, granted that branch of the plaintiff's cross motion which was, in effect, for leave to amend the caption to name Kings as a defendant instead of Transport, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Kings, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Marin, and denied that branch of the plaintiff's cross motion which was for an extension of time to serve Marin. The defendants appeal and the plaintiff cross-appeals.
The Supreme Court properly, in effect, granted that branch of the plaintiff's cross motion which was, in effect, for leave to amend the caption to name Kings as a defendant instead of Transport and denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Kings. An action to recover damages for personal injuries is subject to a three-year statute of limitations (see CPLR 214[5]). Service of the summons and complaint must be made within 120 days after the commencement of an action (see CPLR 306-b). A limited liability company may be served by delivering a copy of the pleadings to any agent or other person authorized to receive process for the company, including the Secretary of State (see CPLR 311-a[a]; Limited Liability Company Law § 303[a]).
CPLR 305(c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." Where the motion is to cure "a misnomer in the description of a party defendant" (Ober v Rye Town Hilton, 159 AD2d 16, 19), it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (id. at 20; see Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1323; Chambers v Prug, 162 AD3d 974, 974; Sanders v 230FA, LLC, 126 AD3d 876). "Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483, 484-485; see Chambers v Prug, 162 AD3d at 974; Smith v Garo Enters., Inc., 60 AD3d 751, 752). The amendment may be made nunc pro tunc (see Jaramillo v Asconcio, 151 AD3d 947, 949-950).
Here, the correct defendant, Kings, misnamed in the original process as Transport, was properly served within 120 days after the action was timely commenced (see CPLR 306-b, 311-[a]; Limited Liability Company Law § 303[a]; Duncan v Emerald Expositions, LLC, 186 AD3d at 1323; Jaramillo v Asconcio, 151 AD3d at 949; Sanders v 230FA, LLC, 126 AD3d at 877). Further, there is no evidence of any prejudice to Kings, as, inter alia, the complaint included the vehicle registration number for the vehicle allegedly driven by Marin and owned by Kings (see Jaramillo v Asconcio, 151 AD3d at 950; Sanders v 230FA, LLC, 126 AD3d at 877; Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527).
The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Marin. Contrary to the plaintiff's contention, under the circumstances, the court properly considered the defendants' argument, which was raised for the first time in their reply papers in support of their motion, that Marin was not properly served (see Mikelatos v Theofilaktidis, 105 AD3d 822, 824; Hoffman v Kessler, 28 AD3d 718, 719; Basile [*3]v Grand Union Co., 196 AD2d 836, 837; cf. Gelaj v Gelaj, 164 AD3d 878, 880).
Personal service may be made on a natural person by delivering the summons to a person of suitable age and discretion "at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . , such delivery and mailing to be effected within twenty days of each other" (CPLR 308[2]; see CPLR 313). "Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with" (CitiMortgage, Inc. v Twersky, 153 AD3d 1230, 1232 [internal quotation marks omitted]; see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012). Here, the record established that the pleadings were not mailed to Marin's last known residence within the time period provided by CPLR 308(2). Thus, the plaintiff failed to effectively serve Marin by substituted service pursuant to CPLR 308(2) and 313, and, accordingly, the Supreme Court did not acquire personal jurisdiction over Marin (see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d at 1012; CitiMortgage, Inc. v Twersky, 153 AD3d at 1232).
Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to extend the time to serve Marin. Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; State of New York Mtge. Agency v Braun, 182 AD3d 63, 66; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31; see State of New York Mtge. Agency v Braun, 182 AD3d at 66).
The plaintiff failed to demonstrate that she was entitled to an extension of time to serve Marin for good cause, as she failed to establish that she exercised reasonably diligent efforts in attempting to effect proper service (see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736). The plaintiff's attorney's mistake in failing to note, until pointed out in the defendants' reply papers, that Marin had not been served by mail, amounts to law office failure, which does not constitute good cause (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d at 736).
Nor has the plaintiff demonstrated that an extension of time is warranted in the interest of justice. In considering the interest of justice standard, "'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904). Here, the plaintiff failed to establish her entitlement to an extension of time for service in the interest of justice given the lack of diligence in commencing the action, which was not commenced until 10 days before the statute of limitations expired; the lack of diligence in effecting service; the more than six-month delay between the time the summons and complaint were filed and the time the plaintiff's cross motion, inter alia, for an extension was made; and the lack of an excuse, other than law office failure, for the failure to effect timely service (see Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d at 736).
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court