Brewster v North Shore/LIJ Huntington Hosp. (2023 NY Slip Op 05584)

Brewster v North Shore/LIJ Huntington Hosp.

2023 NY Slip Op 05584

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-03995
2021-04627
 (Index No. 617965/18)

[*1]Reba Brewster, etc., appellant, 
v
North Shore/LIJ Huntington Hospital, etc., et al., defendants, Mark Gennaro, etc., respondent.

Molod Spitz & DeSantis, P.C., New York, NY (David B. Owens of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 24, 2021, and (2) a judgment of the same court entered May 28, 2021. The order, insofar as appealed from, granted the motion of the defendant Mark Gennaro, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him as time-barred and denied the plaintiff's cross-motion, in effect, pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc, or in the alternative, for an extension of time to serve the amended summons and amended complaint. The judgment, upon the order, is in favor of the defendant Mark Gennaro and against the plaintiff dismissing the amended complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Mark Gennaro, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him as time-barred is denied, that branch of the plaintiff's cross-motion which was, in effect, pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc is granted, the amended complaint insofar as asserted against the defendant Mark Gennaro is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]; Matter of Aho, 39 NY2d at 248).
On September 14, 2018, the plaintiff, as executor of the estate of James Citro [*2](hereinafter the decedent), commenced this medical malpractice action to recover damages for personal injuries the decedent allegedly sustained as a result of surgery performed by the defendant Mark Gennaro (hereinafter the defendant) in March 2016. The summons and complaint erroneously named "Michael" Gennaro as a defendant. On December 21, 2018, the plaintiff filed an amended summons and amended complaint (see CPLR 3025[a]), substituting the name "Mark" for "Michael" and otherwise alleging the same facts and theories of liability. On January 9, 2019, the defendant was personally served with the amended summons and amended complaint.
Thereafter, the defendant moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him as time-barred. The plaintiff cross-moved, in effect, pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc, or in the alternative, for an extension of time to serve the amended summons and amended complaint. In an order dated May 24, 2021, the Supreme Court, inter alia, granted the defendant's motion and denied the plaintiff's cross-motion. On May 28, 2021, the court, upon the order, entered a judgment in the defendant's favor. The plaintiff appeals.
"CPLR 305(c) authorizes the court, in its discretion, to 'allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced'" (Jordan-Covert v Petroleum Kings, LLC, 199 AD3d 666, 668, quoting CPLR 305[c]). "'Where the motion is to cure a misnomer in the description of a party defendant, it should be granted even after the statute of limitations has run where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought'" (Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1322, quoting Chambers v Prug, 162 AD3d 974, 974; see Ober v Rye Town Hilton, 159 AD2d 16, 19-20). "While CPLR 305(c) may be used to cure a misnomer in the description of a party defendant, it cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly served" (Tokhmakhova v H.S. Bros. II Corp., 132 AD3d 662, 662). "The amendment may be made nunc pro tunc" (Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 668).
Here, the evidence established that the defendant, misnamed as Michael Gennaro in the original summons and complaint, was properly served with process within 120 days after the action was timely commenced and, thus, the Supreme Court obtained jurisdiction over the defendant (see CPLR 306-b; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 669; Duncan v Emerald Expositions, LLC, 186 AD3d at 1323). Moreover, there was no evidence that the defendant would be prejudiced by allowing the caption to be amended to correct the misnomer (see Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 669; Duncan v Emerald Expositions, LLC, 186 AD3d at 1323). The defendant's contention that the plaintiff was improperly attempting to name a new defendant after the expiration of the statute of limitations, instead of merely correcting a misnomer, is without merit (see Duncan v Emerald Expositions, LLC, 186 AD3d at 1323; Holster v Ross, 45 AD3d 640, 642).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was, in effect, pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc and denied the defendant's motion.
In light of the foregoing, the parties' remaining contentions need not be reached.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court