Mavruk v Melendez (2025 NY Slip Op 06853)

Mavruk v Melendez

2025 NY Slip Op 06853

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11797
 (Index No. 707767/18)

[*1]Mahmut Mavruk, appellant, 
v
Daniel Melendez, et al., defendants, Jennings & Hartwell Fuel Oil Corp., respondent.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 6, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 305(c) for leave to amend the caption to name All State Fuel Oil Corp., doing business as Jennings & Hartwell Fuel Oil, as a defendant instead of Jennings & Hartwell Fuel Oil Corp.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 305(c) for leave to amend the caption to name All State Fuel Oil Corp., doing business as Jennings & Hartwell Fuel Oil, as a defendant instead of Jennings & Hartwell Fuel Oil Corp. is granted.
On April 1, 2017, the plaintiff allegedly was injured when a van operated by the defendant Daniel Melendez struck the rear of a vehicle that the plaintiff was operating. At the time of the accident, the van was registered to the defendant Sarah Bivens and displayed the name and company information of the defendant Jennings & Hartwell Fuel Oil Corp. (hereinafter Jennings & Hartwell), including Jennings & Hartwell's business address.
In May 2018, the plaintiff commenced this action to recover damages for personal injuries against Melendez, Bivens, and Jennings & Hartwell. The complaint alleged, among other things, that Melendez was acting in the scope of his employment with Jennings & Hartwell at the time of the accident and that Bivens and Jennings & Hartwell owned the van that Melendez was operating. During discovery, it was revealed that Jennings & Hartwell "closed" in or around 2009 and that Bivens thereafter purchased the van with the signage for Jennings & Hartwell. It was also revealed that Bivens was the president and chief executive officer of All State Fuel Oil Corp., a corporation formed in 2008, and that All State Fuel Oil Corp. had a principal place of business at the same location that was advertised on the van as belonging to Jennings & Hartwell and shared the same address as Jennings & Hartwell for service of process. In addition, both Bivens and Melendez testified at their respective depositions that Melendez was operating the van with Bivens's permission at the time of the accident.
The plaintiff moved, inter alia, pursuant to CPLR 305(c) for leave to amend the caption to name All State Fuel Oil Corp., doing business as Jennings & Hartwell Fuel Oil, as a defendant instead of Jennings & Hartwell. In support of the motion, the plaintiff submitted, among other things, a copy of a computer printout from the New York State Department of State, Division of Corporations, showing that All State Fuel Oil Corp. conducted business under the assumed name of Jennings & Hartwell Fuel Oil. In an order entered November 6, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"CPLR 305(c) authorizes the court, in its discretion, to 'allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced'" (Jordan-Covert v Petroleum Kings, LLC, 199 AD3d 666, 668; accord Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d 648, 649). "Relief pursuant to CPLR 305(c) may be granted only where there is evidence that the correct defendant was served, albeit misnamed in the original process, and the correct defendant would not be prejudiced by the granting of the amendment" (Nossov v Hunter Mtn., 185 AD3d 948, 948; see CPLR 305[c]; Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d at 649; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 668).
Here, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 305(c) for leave to amend the caption to name All State Fuel Oil Corp., doing business as Jennings & Hartwell Fuel Oil, as a defendant instead of Jennings & Hartwell. The plaintiff's submissions demonstrated that All State Fuel Oil Corp. operated under the assumed name of Jennings & Hartwell Fuel Oil (see e.g. Matter of Hyundai Capital Am., Inc. v Marina, 233 AD3d 1318, 1320). Bivens, the president and chief executive officer of All State Fuel Oil Corp., did not dispute this. Moreover, the summons and complaint were timely served at the address of All State Fuel Oil Corp. for service of process (see CPLR 311; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 668; Holster v Ross, 45 AD3d 640, 642; see also Simpson v Kenston Warehousing Corp., 154 AD2d 526). The allegations contained in the complaint, including that Melendez was operating the van in the scope of his employment at the time of the accident, fairly apprised the parties that All State Fuel Oil Corp. was the party the plaintiff intended to name, and there is no indication that All State Fuel Oil Corp. would be prejudiced by allowing the amendment (see Holster v Ross, 45 AD3d at 642; Fink v Regent Hotel, 234 AD2d 39, 41; Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483, 485).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 305(c) for leave to amend the caption to name All State Fuel Oil Corp., doing business as Jennings & Hartwell Fuel Oil, as a defendant instead of Jennings & Hartwell.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court