■ CITY OF NEW YORK, Respondent, v CLARENDON NATIONAL INSURANCE COMPANY, Appellant, et al., Defendant. [765 NYS2d 802] —In an action, inter alia, for a judgment declaring that the defendant Clarendon National Insurance Company is obligated to defend and indemnify the plaintiff in an underlying wrongful death action entitled *Public Administrator of Kings County v Ruiz*, pending in the Supreme Court, Kings County, under Index No. 11702/01, the defendant Clarendon National Insurance Company appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 27, 2002, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Clarendon National Insurance Company is obligated to defend, and if necessary, indemnify the plaintiff in the underlying action entitled *Public Administrator of Kings County v Ruiz*, pending in the Supreme Court, Kings County, under Index No. 11702/01.

The defendant Clarendon National Insurance Company (hereinafter Clarendon), having acknowledged that it was obligated to defend the City of New York in the underlying action and that separate independent counsel should be appointed, wrongfully disclaimed coverage on the ground of noncooperation when the City rejected Clarendon's choice of counsel (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *Allstate Ins. Co. v Durand*, 286 AD2d 407, 408 [2001]). It is well settled that where a conflict of interest is probable, such as here, where the insurer has conditioned its defense on a reservation of rights, the insured is entitled to an attorney of its own choosing (*see Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401 [1981]; *Prashker v United States Guar. Co.*, 1 NY2d 584, 593 [1956]; *First Jeffersonian Assoc. v Insurance Co. of N. Am.*, 262 AD2d 133, 134 [1999]; *69th St. & 2nd Ave. Garage Assoc. v Ticor Tit. Guar. Co.*, 207 AD2d 225, 227 [1995]; *Bryan v State-Wide Ins. Co.*, 144 AD2d 325, 327 [1988]). Accordingly, the Supreme Court properly granted the City's mo-

tion for summary judgment and denied Clarendon's cross motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Clarendon is obligated to defend, and if necessary, indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.