Bowers v Grier (2020 NY Slip Op 04288)





Bowers v Grier


2020 NY Slip Op 04288


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-10879
2018-02508
 (Index No. 612274/16)

[*1]Charles J. Bowers, plaintiff,
v
Harold Newton Grier, et al., defendants, Arcadia Management Services, Inc., defendant third-party plaintiff-respondent; Rutgers Casualty Insurance Company, third-party defendant-appellant.


Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY (Steven Verveniotis of counsel), for appellant.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg and Justin R. Waytowich of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, and a related third-party action for declaratory relief, the third-party defendant appeals from (1) an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 3, 2017, and (2) a judgment of the same court dated January 23, 2018. The order granted the motion of the defendant third-party plaintiff for summary judgment, inter alia, declaring that the third-party defendant is obligated to defend and indemnify the defendant third-party plaintiff in the main action. The judgment, upon the order, is in favor of the defendant third-party plaintiff and against the third-party defendant declaring that the third-party defendant is obligated to defend and indemnify the defendant third-party plaintiff in the main action.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2016, the defendant third-party plaintiff, Arcadia Management Services, Inc. (hereinafter Arcadia), a construction management firm, undertook to provide construction services on a project located in Long Beach, New York. Arcadia subcontracted part of the work to Visual Construction Inc. (hereinafter Visual), requiring Visual, inter alia, to procure and maintain commercial general liability insurance coverage naming Arcadia as an additional insured. The third-[*2]party defendant, Rutgers Casualty Insurance Company (hereinafter Rutgers), issued a commercial general liability policy to Visual, effective from June 20, 2016, to June 20, 2017 (hereinafter the subject policy).
On June 23, 2016, the plaintiff, an employee of Visual, allegedly was injured while working at the construction site. The plaintiff commenced this action against Arcadia and others to recover damages for personal injuries (hereinafter the main action). By letter dated August 16, 2016, Rutgers disclaimed Visual's request for indemnification under the subject policy, invoking an employee exclusion. The following month, Arcadia, as an additional insured under the subject policy, demanded defense and indemnification from Rutgers in the main action. By letter postmarked November 15, 2016, Rutgers denied Arcadia's demand, invoking the same employee exclusion and enclosing a copy of the disclaimer letter sent to Visual three months earlier. Arcadia then commenced a third-party action against Rutgers. After joinder of issue, Arcadia moved, inter alia, for summary judgment declaring that Rutgers's disclaimer of coverage was invalid and that Rutgers was obligated to defend and indemnify Arcadia in the main action. In an order dated October 3, 2017, the Supreme Court granted Arcadia's motion, and thereafter, a judgment in favor of Arcadia and against Rutgers was issued, declaring that Rutgers was obligated to defend and indemnify Arcadia in the main action. Rutgers appeals.
Insurance Law § 3420(d)(2) requires an insurer to provide its insured and any other claimant with written notice of its disclaimer or denial of coverage "as soon as is reasonably possible" (see AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d 772, 775). The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69; Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d 1385, 1387). While the issue of whether a disclaimer was unreasonably delayed is generally a question of fact, requiring an assessment of all relevant circumstances, " an insurer's explanation [for the delay in disclaiming] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of delay'" (Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d at 1387, quoting First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69).
Contrary to Rutgers's contention, Arcadia established its prima facie entitlement to judgment as a matter of law by demonstrating that Rutgers failed to provide notice of its disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420[d][2]; see Okumus v National Specialty Ins. Co., 112 AD3d 797, 798). Indeed, the only stated basis for Rutgers's denial of Arcadia's demand for defense and indemnification was the same employee exclusion that Rutgers had invoked three months earlier when it denied Visual's demand for indemnification. Under these circumstances, Rutgers's 48-day delay in responding to Arcadia's demand was unreasonable as a matter of law (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64).
In opposition, Rutgers failed either to raise a triable issue of fact (see AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d at 774-775; Okumus v National Specialty Ins. Co., 112 AD3d at 798), or to show that Arcadia's motion was premature (see CPLR 3212[f]; Tsyganash v Auto Mall Fleet Management, Inc., 163 AD3d 1033, 1034).
Rutgers's remaining contention is without merit.
Accordingly, we affirm the judgment.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court