Matter of Nelson v New York State Dept. of Motor Vehs. (2020 NY Slip Op 06267)





Matter of Nelson v New York State Dept. of Motor Vehs.


2020 NY Slip Op 06267


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-00992
 (Index No. 4425/18)

[*1]In the Matter of Norman Nelson, appellant,
v
New York State Department of Motor Vehicles, respondent. Robert G. Leino, New York, NY, for appellant.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated January 30, 2018, which affirmed a determination of an administrative law judge dated August 4, 2017, made after a hearing, revoking the petitioner's driver license for a period of five years, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 11, 2018. The order and judgment granted the motion of the New York State Department of Motor Vehicles to dismiss the petition for lack of personal jurisdiction, denied the petitioner's application pursuant to CPLR 306-b to extend his time to serve the New York State Department of Motor Vehicles, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board, affirming the suspension of his driver license for a period of five years. In accordance with CPLR 307(2), the petitioner timely served the New York State Attorney General, but neglected to serve the New York State Department of Motor Vehicles (hereinafter the DMV) prior to the return date. After learning of the proceeding from the Office of the Attorney General, the DMV moved pursuant to CPLR 3211(a)(8) and 7804(f) to dismiss the petition for lack of personal jurisdiction. In his opposition to the motion, the petitioner requested an extension of time to serve the DMV pursuant to CPLR 306-b.
The petitioner then attempted to serve the DMV by certified mail, but neglected to include the legend "URGENT LEGAL MAIL" on the front of the envelope mailed to the DMV in accordance with CPLR 307(2). Four days later, the petitioner again attempted to serve the DMV by certified mail. The affidavit of service stated that the envelope bore the legend "URGENT LEGAL MATTER."
Following the petitioner's second attempt to serve the DMV, the Supreme Court granted the DMV's motion to dismiss the petition and denied the petitioner's application pursuant [*2]to CPLR 306-b to extend his time to serve the DMV. The court determined that both of the petitioner's attempts to serve the DMV were jurisdictionally defective and that the court lacked personal jurisdiction over the DMV, which required dismissal of the petition. The petitioner appeals.
CPLR 307(2) requires personal service on a state agency in order to obtain personal jurisdiction over it. Insofar as is relevant, the statute provides: "Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by subdivision one of this section is completed. . . . Service by certified mail shall not be effective unless the front of the envelope bears the legend 'URGENT LEGAL MAIL' in capital letters" (CPLR 307[2]; see CPLR 7804[c]). If the petitioner fails to timely serve the agency and the agency moves to dismiss based on that failure, the court "shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b).
Contrary to the petitioner's contention, his service on the New York State Attorney General was insufficient to constitute service upon the DMV (see CPLR 307[2]). The error here is not a mere "technical infirmity" but rather a jurisdictional defect that may not be cured by CPLR 2001 (see Ruffin v Lion Corp., 15 NY3d 578, 581-583). Additionally, the petitioner's attempts to serve the DMV failed to conform to the requirements of CPLR 307(2) and were not timely (see CPLR 217, 306-b).
To the extent the Supreme Court concluded that it lacked discretion to consider the petitioner's application pursuant to CPLR 306-b to extend his time to serve the DMV, which was not presented in a proper cross motion pursuant to CPLR 2215, we disagree. Generally, a formal notice of motion or cross motion should be used to request such relief; however, courts "retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (Fried v Jacob Holding, Inc., 110 AD3d 56, 65; see Silvering v Sunrise Family Med., P.C., 161 AD3d 1021, 1022). Nonetheless, the petitioner is not entitled to the requested relief. The petitioner did not exercise reasonable diligence in attempting to effect service, and thus, was not entitled to an extension of time for "good cause" (CPLR 306-b; see Silvering v Sunrise Family Med., P.C., 161 AD3d at 1023). Nor did the petitioner demonstrate circumstances warranting an extension of time "in the interest of justice" (CPLR 306-b).
Accordingly, the Supreme Court providently exercised its discretion in dismissing the proceeding.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court