Matter of Liberty Mut. Ins. Co. v Rhone (2020 NY Slip Op 07575)





Matter of Liberty Mut. Ins. Co. v Rhone


2020 NY Slip Op 07575


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-08107
 (Index No. 2852/18)

[*1]In the Matter of Liberty Mutual Insurance Company, respondent, 
v
Takiesha S. Rhone, appellant.


Leonard W. Stewart, Brooklyn, NY, for appellant.
Burke, Conway & Dillon, White Plains, NY (Michelle Piantadosi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Takiesha S. Rhone appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 4, 2018. The order granted the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is denied.
Takiesha S. Rhone alleges that she was injured in an automobile accident in July 2017. Thereafter, Rhone filed a Request for New York Supplementary Uninsured/Underinsured Motorists (hereinafter SUM) Arbitration seeking coverage under the SUM endorsement of an insurance policy issued by Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Liberty Mutual commenced this proceeding to permanently stay arbitration. The Supreme Court granted the petition, and Rhone appeals.
Insurance Law § 3420(d)(2) requires an insurer to provide its insured and any other claimant with written notice of its disclaimer or denial of coverage "as soon as is reasonably possible" (see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188; Bowers v Grier, 185 AD3d 998). The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69; Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d 1385, 1387). While the issue of whether a disclaimer was unreasonably delayed is generally a question of fact, requiring an assessment of all relevant circumstances, "'an insurer's explanation [for the delay in disclaiming coverage] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of delay'" (Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d at 1387, quoting First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69). "Similarly, even where the basis is not apparent, an explanation will be inadequate as a matter of law 'unless the delay is excused by the insurer's showing that its delay was reasonably related to its completion of a thorough and diligent investigation into issues affecting its decision whether to disclaim coverage'" (Stout v 1 E. 66th St. Corp., 90 AD3d 898, 902, quoting Magistro [*2]v Buttered Bagel, Inc., 79 AD3d 822, 824-825; see Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 794).
Here, the record demonstrates that the facts supporting the disclaimer were either apparent from the claim documents that were submitted by Rhone or were readily ascertainable upon the performance of a cursory investigation (see Matter of Country-Wide Ins. Co. v Ramirez, 104 AD3d 850, 851). Therefore, even if some investigation was warranted in this matter, Liberty Mutual failed to demonstrate that the more than four-month delay in disclaiming was reasonably related to its performance of a prompt, diligent, thorough, and necessary investigation (see id. at 851)
Accordingly, the Supreme Court should have denied Liberty Mutual's petition to permanently stay arbitration.
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court