Charles Bardylyn Enters., Inc. v Rockingham Ins. Co. (2024 NY Slip Op 03403)

Charles Bardylyn Enters., Inc. v Rockingham Ins. Co.

2024 NY Slip Op 03403

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-06599
2024-04312
 (Index No. 520763/20)

[*1]Charles Bardylyn Enterprises, Inc., appellant- respondent, 
v
Rockingham Insurance Company, respondent-appellant, et al., defendant.

Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Steven Verveniotis and Andrew B. Kaufman of counsel), for appellant-respondent.
Cooper Levenson, P.A., New York, NY (Justin D. Santagata and Michael L. Salad of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Rockingham Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Sessoms v Charles Bardylyn Enterprises, Inc., pending in the Supreme Court, Kings County, under Index No. 503549/20, the plaintiff appeals, and the defendant Rockingham Insurance Company cross-appeals, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated August 24, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment declaring that the defendant Rockingham Insurance Company is obligated to indemnify the plaintiff in the underlying action and that the plaintiff is entitled to select independent defense counsel in the underlying action. The order, insofar as cross-appealed from, granted those branches of the plaintiff's motion which were for summary judgment declaring that the defendant Rockingham Insurance Company is obligated to defend the plaintiff in the underlying action and to reimburse the plaintiff for all costs already incurred in defending the underlying action, and denied the application of the defendant Rockingham Insurance Company for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action. The appeal brings up for review so much of an order of the same court dated April 18, 2022, as, upon reargument, adhered to the determination in the order dated August 24, 2021, denying those branches of the plaintiff's motion which were for summary judgment declaring that the defendant Rockingham Insurance Company is obligated to indemnify the plaintiff in the underlying action and that the plaintiff is entitled to select independent defense counsel in the underlying action (see CPLR 5517[b]).
ORDERED that on the Court's own motion, the notice of cross-appeal from so much of the order dated August 24, 2021, as denied the application of the defendant Rockingham Insurance Company for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action is deemed to be an application for leave to cross-appeal from that portion of the order, and leave to cross-appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from the order dated August 24, 2021, is dismissed, as [*2]the portions of the order appealed from were superseded by the order dated April 18, 2022, made upon reargument; and it is further,
ORDERED that the order dated August 24, 2021, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the order dated April 18, 2022, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated August 24, 2021, denying that branch of the plaintiff's motion which was for summary judgment declaring that the defendant Rockingham Insurance Company is obligated to indemnify the plaintiff in the underlying action, and substituting therefor a provision, upon reargument, vacating that determination in the order dated August 24, 2021, and thereupon, granting that branch of the motion; as so modified, the order dated April 18, 2022, is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2020, Lawrence Sessoms commenced an action against Charles Bardylyn Enterprises, Inc. (hereinafter CBE), in the Supreme Court, Kings County, under Index No. 503549/20 (hereinafter the underlying action). Sessoms alleged that CBE owned certain property located in Brooklyn (hereinafter the premises). Sessoms alleged that on December 14, 2019, he was at the premises when he was "caused to sustain serious and permanent injuries from unsafe conditions which caused him to slip and fall." CBE interposed an answer to the complaint in the underlying action.
CBE had a commercial general liability policy of insurance with Rockingham Insurance Company (hereinafter Rockingham) for a policy period of December 10, 2019, to December 10, 2020 (hereinafter the policy). The policy covered sums that CBE became legally obligated to pay as damages because of "bodily injury" to which the policy applied. However, the policy contained a "[h]abitability" exclusion, which provided that the policy did not apply to bodily injury arising out of, inter alia, the alleged or actual "[f]ailure to maintain any premises in, or restore any premises to, a safe, sanitary, healthy, habitable and tenantable condition."
The policy also contained an endorsement entitled "TENANT SPECIAL CONDITIONS." This endorsement provided, among other things, that in order for coverage to apply to claims for bodily injury arising out of a tenant's occupancy at the premises, CBE was required to maintain several documents related to the tenancy.
Rockingham purportedly was notified of Sessoms's claim by a notice of claim dated January 24, 2020. By letter dated February 28, 2020, Certus Claims Administration, LLC (hereinafter Certus), Rockingham's third-party claims administrator, notified CBE that Rockingham lacked sufficient information to accept or deny the claim. By letter dated March 23, 2020, Certus notified CBE that Rockingham disclaimed coverage under the policy, inter alia, on the basis of the habitability exclusion.
In October 2020, CBE commenced this action against Rockingham and another defendant, inter alia, for a judgment declaring that Rockingham is obligated to defend and indemnify CBE in the underlying action. CBE moved for summary judgment declaring that Rockingham is obligated to defend and indemnify CBE in the underlying action and to reimburse CBE for all costs already incurred in defending the underlying action, and that CBE is entitled to select independent defense counsel in the underlying action. Rockingham opposed CBE's motion and purportedly cross-moved for summary judgment declaring that it is not obligated to defend or indemnify CBE in the underlying action.
In an order dated August 24, 2021, the Supreme Court granted those branches of CBE's motion which were for summary judgment declaring that Rockingham is obligated to defend [*3]CBE in the underlying action and to reimburse CBE for all costs already incurred in defending the underlying action. However, the court denied those branches of CBE's motion which were for summary judgment declaring that Rockingham is obligated to indemnify CBE in the underlying action and that CBE is entitled to select independent defense counsel in the underlying action. In addition, the court denied Rockingham's purported cross-motion for summary judgment. CBE subsequently moved for leave to reargue those branches of its motion which were for summary judgment declaring that Rockingham is obligated to indemnify CBE in the underlying action and that CBE is entitled to select independent defense counsel in the underlying action. In an order dated April 18, 2022, the court granted CBE leave to reargue and adhered to the determination denying those branches of CBE's prior motion.
Although, generally, a formal notice of motion or cross-motion should be used to request relief, courts "retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (Fried v Jacob Holding, Inc., 110 AD3d 56, 65; see Matter of Nelson v New York State Dept. of Motor Vehs., 188 AD3d 692, 694; Silvering v Sunrise Family Med., P.C., 161 AD3d 1021, 1022). Here, the Supreme Court improvidently exercised its discretion in denying Rockingham's application on the ground that it was not presented as a proper cross-motion pursuant to CPLR 2215 (see Matter of Nelson v New York State Dept. of Motor Vehs., 188 AD3d at 693-694). Nevertheless, Rockingham was not entitled to any of the requested relief.
Insurance Law § 3420(d)(2) requires an insurer to provide its insured and any other claimant with timely written notice "as soon as is reasonably possible" of its disclaimer or denial of coverage (see AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d 772, 774). The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69; Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d 1385, 1387; Pawley Interior Contr., Inc. v Harleysville Ins. Cos., 11 AD3d 595, 595).
"[A]n insurer's explanation [for the delay in disclaiming coverage] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of delay" (Matter of Liberty Mut. Ins. Co. v Rhone, 189 AD3d 1241, 1242 [internal quotation marks omitted]). "Similarly, even where the basis is not apparent, an explanation will be inadequate as a matter of law unless the delay is excused by the insurer's showing that its delay was reasonably related to its completion of a thorough and diligent investigation into issues affecting its decision whether to disclaim coverage" (id. [internal quotation marks omitted]).
Here, the record demonstrates that the facts supporting the disclaimer were apparent from the face of the complaint in the underlying action. Rockingham disclaimed coverage by letter dated March 23, 2020, at least 34 days after it received a copy of the complaint in the underlying action and knew or should have known of the basis for denying coverage. Thus, under these circumstances, the delay was unreasonable as a matter of law (see id.; Bowers v Grier, 185 AD3d 998, 1000; Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d at 1387).
An insurer that fails to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion "will be estopped from disclaiming liability or denying coverage" (Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 793 [internal quotation marks omitted]). The failure of Rockingham to provide a timely notice of disclaimer to CBE rendered Rockingham's disclaimer of coverage on the basis of the habitability exclusion and the tenant special conditions endorsement ineffective (see AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d at 774).
Thus, CBE established its prima facie entitlement to judgment as a matter of law declaring that Rockingham is obligated to defend and indemnify CBE in the underlying action by demonstrating that Rockingham failed to provide timely notice of its disclaimer (see id.). In opposition, Rockingham failed to raise a triable issue of fact. For the same reasons, Rockingham failed to establish its entitlement to summary judgment declaring that it is not obligated to defend or indemnify CBE in the underlying action.
However, upon reargument, the Supreme Court properly adhered to the determination denying that branch of CBE's motion which was for summary judgment declaring that it is entitled to select independent defense counsel in the underlying action, since Rockingham and CBE share a common interest in defending the underlying action (cf. City of New York v Clarendon Natl. Ins. Co., 309 AD2d 779, 779-780).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Rockingham is obligated to defend and indemnify CBE in the underlying action and to reimburse CBE for all costs already incurred in defending the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court