Matter of Certified Collision Experts, Inc. v New York State Dept. of Motor Vehs. (2024 NY Slip Op 05795)

Matter of Certified Collision Experts, Inc. v New York State Dept. of Motor Vehs.

2024 NY Slip Op 05795

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-07193
 (Index No. 616681/22)

[*1]In the Matter of Certified Collision Experts, Inc., appellant, 
v
New York State Department of Motor Vehicles, respondent.

Andrew B. Schultz, Franklin Square, NY, for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated July 25, 2022, which affirmed a determination of an administrative law judge dated December 10, 2020, upon the petitioner's failure to appear at a hearing, finding that the petitioner violated Vehicle and Traffic Law §§ 398-e(1)(g) and 398-e(2)(a)(ii) and 15 NYCRR 82.5(c), suspending the petitioner's license, and imposing a penalty, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered May 10, 2023. The order and judgment granted that branch of the motion of the New York State Department of Motor Vehicles which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petitioner's cross-motion pursuant to CPLR 306-b to extend the time to serve the New York State Department of Motor Vehicles, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board. The petitioner mailed the notice of petition, verified petition, and supporting papers to the Office of the Attorney General shortly before the applicable statute of limitations expired but neglected to serve the New York State Department of Motor Vehicles (hereinafter the DMV). The DMV moved, inter alia, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition on the ground, among others, of lack of personal jurisdiction. The petitioner cross-moved pursuant to CPLR 306-b to extend the time to serve the DMV. In an order and judgment entered May 10, 2023, the Supreme Court granted that branch of the DMV's motion on the ground of lack of personal jurisdiction, denied the petitioner's cross-motion, and dismissed the proceeding. The petitioner appeals.
"CPLR 307(2) requires personal service on a state agency in order to obtain personal jurisdiction over it" (Matter of Nelson v New York State Dept. of Motor Vehs., 188 AD3d 692, 693). Service upon the New York State Attorney General is insufficient to constitute service upon another agency of the State (see id.). "If the petitioner fails to timely serve the agency and the agency moves to dismiss based on that failure, the court 'shall dismiss the [proceeding] without prejudice as to that [respondent], or upon good cause shown or in the interest of justice, extend the time for service'" [*2](id., quoting CPLR 306-b; see Rivera v Michaelsen, 225 AD3d 639). The determination of whether to grant an extension of time in the interest of justice is within the discretion of the motion court (see Bhatara v Kolaj, 222 AD3d 926, 930).
Here, the petitioner did not exercise reasonable diligence in attempting to effect service upon the DMV and, thus, was not entitled to an extension of time for good cause (see CPLR 306-b; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d 666, 670; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736). Nor did the petitioner demonstrate circumstances warranting an extension of time in the interest of justice (see CPLR 306-b; 15 NYCRR 127.7[d]; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 667; Matter of Anonymous v New York State Off. of Children & Family Servs., 53 AD3d 810, 811).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the DMV's motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denying the petitioner's cross-motion pursuant to CPLR 306-b to extend the time to serve the DMV, and dismissing the proceeding (see Matter of Nelson v New York State Dept. of Motor Vehs., 188 AD3d at 693).
In light of our determination, we need not reach the petitioner's remaining contentions.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court